IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN COTE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 23-0058-WS-M |
| | ) |
| EMERALD COAST RV CENTER, LLC, | ) |
| etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

The defendant recently removed this action on the basis of diversity of citizenship. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Upon review, the Court is unable to confirm its subject matter jurisdiction.

As the defendant recognizes, (Doc. 1 at 2), its citizenship is determined by the citizenship of each of its members. *Rolling Greens, MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). As the defendant also recognizes, (Doc. 1-5 at 1-4), it must trace the citizenship of its members' members through as many layers as may exist, until the citizenship of each member is demonstrated – which generally requires tracing back to corporate or individual members. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The defendant has failed in this task.

The members of CWGS Enterprises, LLC ("Enterprises") are alleged to include "certain individuals, none of which are citizens of the State of Alabama." (Doc. 1-5 at 3). Another member of Enterprises is identified as CVRV Acquisition, LLC, which is alleged to be wholly owned by Crestview Partners II GP, LP ("Crestview"). The defendant does not identify the limited partners in Crestview, or even state whether they are corporations, other artificial entities, or individuals; instead, the defendant simply announces that none of the limited partners are Alabama citizens. (*Id*. at 4). The defendant does not address the general partner at all. (*Id*.).

"When a plaintiff files suit in federal court, she must allege … the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. American Express Co*., 735 F.3d 1266, 1268 (11th Cir. 2013). "That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." *Id*. at 1269. Merely announcing an artificial entity's citizenship is insufficient. *E.g., Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (a party asserting jurisdiction must allege a corporate party's state of incorporation and principal place of business). Simply asserting that a party is a citizen of an unnamed state other than that of the opposing party is likewise inadequate. *E.g., Dalton v. Teva North America*, 891 F.3d 687, 690 (7th Cir. 2018); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011). Finally, failing to identify the members or partners of an artificial entity precludes satisfaction of the diversity requirement. *MidCap Media Finance, L.L.C. v. Pathway Data, Inc*., 929 F.3d 310, 314 (5th Cir. 2019); *Crook-Petite-El v. Bumble Bee Seafoods L.L.C*., 502 Fed. Appx. 886, 888 (11th Cir. 2012); *AFC Franchising, LLC v. Purugganan*, 2021 WL 1541511 at *1 (11th Cir. 2021).

The complaint alleges that the plaintiff bought a travel trailer ("the Camper") in February 2021; that he took the Camper to the defendant in June

2021 due to a small amount of water leakage; and that the defendant left the Camper in the elements for over two weeks, during which time heavy rains fell and the Camper took on "a bunch of water," resulting in "[e]xtensive damage." (Doc. 1-2 at 2-4). The complaint asserts claims for breach of contract, negligence, negligence by bailee, and wantonness, and it seeks various forms of damages, including actual damages, general damages, reimbursement of expenses and legal fees, and punitive damages. The *ad damnum* clauses seek no specific sum but only damages in excess of the $10,000 jurisdictional threshold of the state court. (*Id*. at 4-6).

Because the complaint does not demand a specific sum, the defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *Roe v. Michelin North America, Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id*. at 1062.

The defendant notes that, according to the negligence claim, the plaintiff's damages include "the complete loss of the value of the camper." (Doc. 1-2 at 5). The defendant, however, offers no evidence of what that value was at the time of loss. The defendant says it is only "common sense" that the camper cost the plaintiff "tens of thousands of dollars," (Doc. 1 at 4), but the Court cannot permissibly guess at how many tens.[1] Moreover, the Camper was at least four months old when delivered to the defendant, and "common sense" suggests that its value had thus decreased significantly since the plaintiff's acquisition.

The defendant next points to a repair estimate it created, which exceeds $57,000. (Doc. 1 at 4; Doc. 1-5 at 6). Since, as the defendant insists, the plaintiff

---

[1] According to the complaint, the plaintiff purchased the Camper from the defendant. (Doc. 1-2 at 3). It is thus surprising that the defendant does not know the purchase price.

deems the Camper a complete loss, repair costs would appear to be irrelevant to his damages.

Next, the defendant divines a demand for "loss of use" damages that is mentioned nowhere in the complaint. (Doc. 1 at 4). The defendant offers no authority for the proposition that a mere claim for "actual damages, general damages, … and such other damages as allowed by the State of Alabama" permits it to inject an unpleaded demand for loss of use. Nor has the defendant offered any means, much less any non-speculative means, of quantifying the likely dollar amount of damages from any such loss.

Finally, the defendant points to the complaint's demand for punitive damages. (Doc. 1 at 4). The defendant correctly notes that a demand for punitive damages "must be considered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). "But there is nothing talismanic about such a demand that would *per se* satisfy the amount-in-controversy requirement …." *Thompson v. Ortensie*, 2017 WL 4772741 at *3 (S.D. Ala. 2017). As this Court has explained, without "specific facts … to suggest that [the defendant's] alleged actions were or might have been so egregious or reprehensible to support a substantial punitive damages demand," assigning significant value to such a demand constitutes "unvarnished conjecture." *Id*. The defendant points to no such facts, and the complaint is devoid of them. Indeed, it is difficult to imagine a scenario less capable of placing significant punitive damages in issue than mere rain damage to a vehicle.

Apparently to avoid this difficulty, the defendant proposes that the Court ignore the complaint's allegations and instead mechanically apply an automatic multiplier, under which every dollar of claimed compensatory damages carries with it, for diversity purposes, three dollars of punitive damages. (Doc. 1 at 4-5). Such an approach has been rejected by sister courts,[2] and the Court now joins

---

[2] *See, e.g., Mustafa v. Market Street Mortgage Corp.*, 840 F. Supp. 2d 1287, 1291-92 (M.D. Ala. 2012) (Fuller, J.); *Stacy v. Reliance Standard Life Insurance Co.*,

them.  The Court is required to assess what is placed in controversy by the specific complaint before it, and it is the defendant's burden to demonstrate the amount in controversy under those allegations and not under some hypothetical, average, unpleaded scenario.

For the reasons set forth above, the defendant is **ordered** to file and serve, on or before **March 9, 2023**, such supplemental materials as it deems adequate to sustain its burden of establishing subject matter jurisdiction, failing which this action will be remanded, without further notice, for want of such jurisdiction.[3]

DONE and ORDERED this 23rd day of February, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

2022 WL 3010885 at *3 (S.D. Ala. 2022) (Moorer, J.); *Rachel v. PNC Bank, NA*, 2017 WL 1362034 at *10-11 (S.D. Ala. 2017) (DuBose, C.J.); *Owens v. 3M Company, Inc.*, 2017 WL 4340478 at *3 (N.D. Ala. 2017) (Kallon, J.); *Dean v. Sears, Roebuck and Co.*, 2014 WL 900723 at *6 n.5 (S.D. Ala. 2014) (Cassady, M.J.); *Benton v. State Farm Fire & Casualty Co.*, 2014 WL 2002851 at *4 (M.D. Ala. 2014) (Coody, M.J.).

[3] Because the Court is powerless to continue in the absence of subject matter jurisdiction, the Court will issue no briefing schedule regarding the defendant's motion to dismiss, (Doc. 3), until and unless the defendant establishes the existence of such jurisdiction.